No. 560

## COMMON PLEAS

DAYTON (City) v. ALLEN et al
Common Pleas, Montgomery County
No. 54620. Decided July 29, 1924

681. JURISDICTION—549 GC. confines all cases involving the control of the Public Utilities Commission to the Supreme Court.

1165. TELEPHONE COMPANY—641-61 GC. requires the Public Utilities Commission to fix rates before authorizing consolidation of two or more telephone companies.

SNEDIKER, J.　　　　　Epitomized Opinion

The Commission ordered the consolidation of the Bell Telephone Co. and the Ohio State Telephone Co. without establishing new rates. After the consolidation and while a petition of the Bell Telephone Co. to establish new rates was pending before the Commission, the plaintiff filed this suit for an injunction to restrain the enforcing of payment of the new rates. On general demurrer to the answer the court sustained the demurrer to the petition, holding:

1. 614-61 GC. enjoins upon the Commission the duty of establishing new rates before authorizing the consolidation of two or more telephone companies.

2. No other court than the Supreme Court has the authority to control the Public Utilities Commission in the exercise of its powers or to determine in a litigated case whether they have violated those powers.

3. Although the Commission is not made a party defendant to this action, its powers and orders are indirectly interfered with.

Attorneys—Not given.

## ATTORNEY GENERAL
No. 561
In Re ENGINEER
No. 1647. July 31, 1924

865. OFFICERS—Employment of engineer by County Commissioners.

C. C. CRABBE, Atty. Gen.

The Bureau of Public Inspection requested the opinion of the Attorney General of Ohio as to whether or not, in view of 2792 GC., the County Commissioners are authorized to employ an engineer upon the request of the County Surveyor under the provisions of 2411 GC. Moreover, the opinion of the Attorney General was requested as to whether or not the County Commissioners might legally employ an engineer rather than the County Surveyor without first having the written request of the County Surveyor under 2343 and 2344 GC. In his opinion the Attorney General held:

1. County Commissioners may, upon the written request of the County Surveyor, employ an engineer under the provisions of 2411 GC.

2. County Commissioners may not employ an engineer under the provisions of 2343 and 2344 without first having the written request of the County Surveyor.

---

No. 562
In Re SCHOOL BONDS
No. 1674. Aug. 7, 1924

766. BONDS—Offer of to sinking fund commissioners before bidding.

C. C. CRABBE, Atty. Gen.

The Burden of Inspection and Supervision of Public offices requested the opinion of the Attorney General at to whether a city must offer its bonds to the Board of Commissioners of the sinking fund of a city school district, as provided by 3922 GC., before advertising for bids for a sale thereof. In his opinion the Attorney General held:

1. A city or village is not required to offer its bonds to the sinking fund trustees of the city school district, as provided by 3922 GC., before advertising for bids for the sale thereof.